IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT C. TAYLOR                                              PLAINTIFF

v.                        No. 4:11-cv-888 DPM

THOMAS MCBROOME, Parole Officer;
ASHLEY VAILES, Parole Hearing Examiner;
JOHN FELTS, Arkansas Parole Board Chairman;
and RAY HOBBS, Director,
Arkansas Department of Correction                            DEFENDANTS

ORDER

Taylor, who is no longer in custody, moves again to proceed *in forma pauperis*. *Document No. 8*. The motion is granted. 28 U.S.C. § 1915(a)(1). This Court, however, must also screen his complaint. 28 U.S.C. § 1915A. Taylor alleges that parole officer Thomas McBroome, parole hearing examiner Ashley Vailes, and Arkansas Parole Board Chairman John Felts violated his due process, double jeopardy, and speedy trial rights in connection with his February 2011 parole revocation and later placement in a drug-treatment program in the Arkansas Department of Correction. *Document No. 2*. Taylor's claims against McBroome, Vailes, and Felts are dismissed with prejudice because they are entitled to absolute immunity when considering and

deciding parole matters. *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006); *Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006).

Taylor also claims that Ray Hobbs, the Director of the Arkansas Department of Correction, violated his due process rights by refusing to release him from prison in April 2011. This allegation is meritless. Taylor concedes that he was not legally entitled to be released from prison then, because the parole board had *affirmed* his parole revocation and a detainer was pending against him on outstanding criminal charges. *Document No. 2, at 6–7.* Further, Hobbs is entitled to absolute immunity from a § 1983 damage claim arising from his decision to comply with a facially valid order of confinement. *Figg*, 433 F.3d at 599; *Patterson v. Von Riesen*, 999 F.2d 1235, 1239 (8th Cir. 1993).

Motion, *Document No. 8*, granted. Taylor's complaint is dismissed with prejudice. This dismissal constitutes a strike, and the Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. §§ 1915(a)(3) & (g).

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

22 February 2012